UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

EFREM WALKER, Individually,

        Plaintiff,

vs.                                                                : Case No.

OAKLAND POINTE PARTNERS, LLC,
a Michigan Limited Liability Company,

        Defendant.
_____/

M. J. STEPHEN FOX
FOX & ASSOCIATES
Co-Counsel for Plaintiff
2529 Chatham Woods Drive SE
Grand Rapids, MI  49546
(616) 293-3955

LAWRENCE A. FULLER
FULLER, FULLER & ASSOCIATES, P.A.
Co-Counsel for Plaintiff
12000 Biscayne Boulevard, Suite 502
North Miami, FL 33181
(305) 891-5199
_____/

**COMPLAINT FOR EQUITABLE RELIEF**

    Plaintiff, EFREM WALKER, Individually, on his behalf and on behalf of all other individuals similarly situated (sometimes referred to as "Plaintiff"), hereby sues the Defendant, OAKLAND POINTE PARTNERS, LLC, a Michigan Limited Liability Company (sometimes referred to as "Defendant"), for Injunctive Relief, and attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA").

1. Plaintiff, Efrem Walker, is an individual residing in Pontiac, MI, in Oakland County.

2. Defendant Oakland Pointe Partners, LLC's property, Oakland Pointe Shopping Center, is located at 300 N. Telegraph Road, Pontiac, MI 48341, in the County of Eaton.

3. Venue is properly located in the Eastern District of Michigan because venue lies in the judicial district of the property situs. The Defendant's property is located in and does business within this judicial district.

4. Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from the Defendant' violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. See also 28 U.S.C. § 2201 and § 2202.

5. Plaintiff Efrem Walker is a Michigan resident, is sui juris, and qualifies as an individual with disabilities as defined by the ADA. Mr. Walker is an individual with spina bifida, and requires the use of a wheelchair to ambulate. Efrem Walker has visited the property which forms the basis of this lawsuit and plans to return to the property to avail himself of the goods and services offered to the public at the property. The Plaintiff has encountered architectural barriers at the subject property, which affected his ability to access the premises, to park at the premises, to use the restrooms in the premises, and to shop at the premises, and have denied him the full and equal access to Defendant's property. Mr. Walker travels throughout Michigan to visit family and friends.

6. Defendant owns, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and p36.104. Defendant is responsible for complying with the obligations of the ADA. The place of public accommodation that the Defendant owns, operates, leases or leases to is known as Oakland Pointe Shopping Center, located at 300 N. Telegraph Road, Pontiac, MI 48341, in the County of Oakland.

7. Efrem Walker has a realistic, credible, existing and continuing threat of

discrimination from the Defendant's non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations in paragraph 9 of this complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by the Defendant. Efrem Walker desires to visit Oakland Pointe Shopping Center, not only to avail himself of the goods and services available at the property but to assure himself that this property is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.

8. The Defendant has discriminated against the individual Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 et seq.

9. The Defendant has discriminated, and is continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, inter alia, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). A preliminary inspection of Oakland Pointe Shopping Center has shown that violations exist. These violations encountered by Plaintiff include, but are not limited to:

### Scoping Requirements

a. There are entrances that do not provide compliant directional and informational signage; in violation of section 216.6 of the 2010 Standards.

b. There is not a continuous accessible route connecting all accessible buildings, accessible elements, accessible spaces that are on the same site; in violation of sections 206.2.2 of the 2010 Standards

### Accessible Routes

a. There are sides of curb ramps at the facility that contain slopes steeper than the maximum allowance in violation of section 406.3 of the 2010 Standards.

3

  b. The accessible route has an uneven surface in violation of sections 303 and 403.4 of the 2010 Standards.

  c. There are walking surfaces at the facility that contain cross slopes greater than the maximum allowance in violation of section 403.3 of the 2010 Standards.

  d. There are curb ramps that have uneven surfaces as well as a change in level at the terminus of the ramp in violation of sections 303.3 and 405.4 of the 2010 Standards.

  e. There is a raised threshold at the entrance door to the facility that does not comply with section 303 and 404.2.5 of the 2010 Standards.

**General Sites and Building Elements**

  a. Some of the designated accessible parking spaces have faded paint and have not been maintained; in violation of section § 36.211 of the 2010 Standards.

  b. Some of the designated accessible parking spaces do not have signs identifying them as accessible parking; in violation of section 216.5, 502.6 and 703.7.2.1 of the 2010 Standards.

  c. There are some designated parking spaces whose access aisles do not lead to an accessible route in violation of section 502.3 of the 2010 Standards.

**Plumbing Elements and Facilities**

**Vic's Wrap Tacos**

  a. The toilet paper dispenser is not located 12" minimum above the side grab bar; in violation of section 609.3 of the 2010 Standards.

  b. The toilet paper dispenser is not located as required. This is a violation of sections 604.7 and 609.3 of the 2010 Standards.

  c. The trash receptacle obstructs the clear floor space to access the paper towel dispenser; in violation of section 305.3 of the 2010 Standards.

  d. There are dispensers provided for public use in the restrooms, with controls outside the ranges prescribed in sections 308.2.2 and 606.1 of the 2010 Standards.

  e. There is a storage hook provided that is located out of the prescribed reach ranges, violating section 604.8.3 of the 2010 Standards.

  f. There is an inaccessible restroom.

4

**Big Lots**

a. The restroom toilet compartment door lacks the proper hardware for disabled patrons in violation of sections 309.4, 404.2.7 and 604.8.1.2 of the 2010 Standards.

b. There are exposed water supply lines and drain pipes under the lavatory; in violation of sections 213.3 and 606.5 of the 2010 Standards.

c. There are dispensers provided for public use in the restrooms, with controls outside the ranges prescribed in sections 308.2.2 of the 2010 Standards.

d. There are water closets where the toilet flush is not located on the wide side of the toilet area in violation of section 604.6 of the 2010 Standards.

e. There is a storage hook provided that is located out of the prescribed reach ranges, violating section 604.8.3 of the 2010 Standards.

f. There is an inaccessible restroom.

**Built In Elements**

a. There are dining surfaces provided at the facility that do not comply with the standards prescribed in violation of sections 306, 902.1, 902.2 and 902.3 of the 2010 Standards.

b. There are several Sales counters in tenant stores which exceed the maximum height set forth in sections 904.4.1 of the 2010 Standards.

10. The foregoing violations also violate the 2004 Revised Americans with Disabilities Act Guidelines (ADAAG), and the 2010 Standards for Accessible Design, as adopted by the U.S. Department of Justice.

11. The discriminatory violations described in paragraph 9 are not an exclusive list of the Defendant's ADA violations. Plaintiff requires the inspection of the Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access. The individual Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied the benefits of services, programs and activities of

5

the Defendant's buildings and its facilities, and have otherwise been discriminated against and damaged by the Defendant because of the Defendant' ADA violations, as set forth above. The individual Plaintiff, and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

12. Defendant has discriminated against the individual Plaintiff by denying him access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facilities in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq. Furthermore, the Defendant continues to discriminate against the Plaintiff, and all those similarly situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

13. Plaintiff is without adequate remedy at law and is suffering irreparable harm. Considering the balance of hardships between the Plaintiff and Defendant, a remedy in equity is warranted. Furthermore, the public interest would not be disserved by a permanent injunction.

14. Plaintiff has retained the undersigned counsel and is entitled to recover attorney's fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

15. Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for its place of public accommodation that have existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there have been alterations to Defendant's place of public accommodation since January 26, 1992, then the Defendant is required to ensure to the maximum extent feasible, that the altered portions of the facilities are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally, if the Defendant's facilities is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendant's facilities must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

16. Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met by Plaintiff or waived by the Defendant.

17. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require the Defendant to alter Oakland Pointe Shopping Center to make those facilities readily accessible and useable to the Plaintiff and all other persons with disabilities as defined by the ADA; or by closing the facilities until such time as the Defendant cures its violations of the ADA.

18. Oakland Pointe Shopping Center, and the business therein, are places of public accommodations and service establishments, and as such must be, but are not, in compliance with the Americans With Disabilities Act ("ADA") and Americans With Disabilities Act Accessible Guidelines ("ADAAG").

19. Plaintiff was unlawfully denied full and equal enjoyment of the goods, services, facilities, privileges, and advantages of the property and the businesses therein on the basis of his disability, due to Defendant's property failing to be in compliance with Title III of the Americans With Disabilities Act and its accompanying regulations, as prohibited by 42 U.S.C. §12182, et seq., and will continue to discriminate against Plaintiff and others with disabilities unless and until Defendant is compelled to remove all physical barriers that exist at the facility, including those specifically set forth herein, and make the facility accessible to and usable by persons with disabilities, including Plaintiff.

20. The Plaintiff, and others similarly situated, are without adequate remedy at law and are suffering irreparable harm, and reasonably anticipate that they will continue to suffer irreparable harm unless and until Defendant is required to remove the physical barriers, dangerous conditions and ADA violations that exist at the facility, including those set forth herein.

21. Pursuant to 42 U.S.C. §12187, Plaintiff requests that the Court issue an injunction requiring Defendant to make such readily achievable alterations as are legally required to provide full and equal enjoyment of the goods, services, facilities, privileges, and advantages on its property to disabled persons. In connection with that relief, Plaintiff requests reasonable attorneys' fees and costs of maintaining this action.

**WHEREFORE,** Plaintiff respectfully requests:

    a. The Court issue a Declaratory Judgment that determines that the Defendant at the commencement of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.

    b. Injunctive relief against the Defendant including an order to make all readily achievable alterations to the facilities; or to make such facilities readily accessible to and

usable by individuals with disabilities to the extent required by the ADA; and to require the Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such stops that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

    c.    An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205.

    d.    Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Dated: August 27, 2014

Respectfully submitted,

FOX & ASSOCIATES

M. J. Stephen Fox, Esq. (P32456)
Co-Counsel for Plaintiff
2529 Chatham Woods Drive SE
Grand Rapids, MI 49546
(616) 293-3955
(616) 676-5900 - Facsimile
foxlawfirm@aol.com
and

Lawrence A. Fuller, Esq.
Member, Eastern District of Michigan
Co-Counsel for Plaintiff
FULLER, FULLER & ASSOCIATES, P.A.
12000 Biscayne Blvd., Suite 502
North Miami, FL 33181
(305) 891-5199
(305) 893-9505 - Facsimile
lfuller@fullerfuller.com

9